FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 MAR -2  P 4: 04

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF MARTHA R. INGRAM AND INGRAM BARGE COMPANY, AS OWNER AND OWNER *PRO HAC VICE*, RESPECTIVELY, OF A CERTAIN BOSTON WHALER, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | * *c/w* * * | CIVIL ACTION 00-402 NO. 00-564 SECTION "F" MAGISTRATE 1 |

### ORDER APPROVING PLAINTIFF'S AFFIDAVIT OF VALUATION AND *AD INTERIM* STIPULATION AND DIRECTING ISSUANCE OF NOTICE TO CLAIMANTS AND RESTRAINING PROSECUTION OF CLAIMS

COMPLAINT having been filed herein on the 24th day of February, 2000, by petitioners Martha R. Ingram and Ingram Barge Company, owner and owner *pro hac vice*, respectively, of a certain Boston Whaler, for exoneration from or limitation of liability pursuant to 46 U.S.C. § 181 *et seq.* and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims for any loss, damage, death, injury or destruction caused by or resulting from the allision with a personal watercraft on or about February 18, 1997, as is more fully described in the Complaint, and petitioners having deposited $250.00 into the Registry of the Court in lieu of a bond for costs, and petitioners having filed an affidavit of value of the said vessel, an *ad interim* stipulation and approved security therefor, all as required by the rules of this Court and the law;

NOW, THEREFORE, upon motion of Liskow & Lewis, attorneys for petitioners:

DATE OF ENTRY  MAR 3  2000

Fee_____
Process_____
X Dktd_____
CtRmDep_____
Doc.No._____

-2-

1. IT IS ORDERED that the funds in the sum of $250.00 deposited into the Registry of the Court on the 24th day of February, 2000, by petitioners, be accepted and approved as to quantum and form; and

2. IT IS FURTHER ORDERED that the affidavit of value, *ad interim* stipulation, and surety bond for the value of petitioner's interest in the Boston Whaler in the principal amount of $5,350.00 with interest thereon at a rate of 6% per annum from the date thereof, executed by petitioner as principal, and by Travelers Casualty & Surety Company of America, as surety, and filed herein by petitioners, be accepted as a stipulation for value for the purpose of the limitation proceeding and that it be approved as to form, quantum and surety; and

3. IT IS FURTHER ORDERED that petitioners and any claimant who may properly become a party hereto may contest the amount or value of petitioner's interest in the Boston Whaler, and may move the Court for due appraisal of said interest and may apply to have the amount increased or diminished, as the case may be, or the determination of the Court of the amount or value of said interest; and

4. IT IS FURTHER ORDERED that a notice shall be issued out of and under the seal of this Court to all persons asserting claims with respect to which the Complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of Court, in writing, and to serve on the aforementioned attorneys for the petitioners a copy thereof on or before the 29th day of March 2000, or be defaulted and that if any claimant desires to contest

either the right to exoneration from or the right to limitation of liability, he shall file and serve on attorneys for petitioners an answer to the Complaint on or before the said date unless his claim has included an answer to the Complaint so designated, or be defaulted; and

5. IT IS FURTHER ORDERED that the aforesaid Notice shall be published in the form required by Supplemental Rule F of the Federal Rules of Civil Procedure once per week for four successive weeks prior to the date fixed for the filing of claims in a newspaper of general circulation published in the City of New Orleans, State of Louisiana, namely the "Time-Picayune," and copies of the Notice shall also be mailed in accordance with Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims; and

6. IT IS FURTHER ORDERED that the commencement and/or further prosecution of any action or proceeding against the petitioners and/or their underwriters or any of petitioners' property with respect to any claim for which petitioners seek exoneration from or limitation of liability, including any claim arising out of or connected in any way with any loss, damage, death, injury or destruction resulting from the casualty described in the Complaint be, and the same is, hereby stayed and restrained, and all prior orders, rulings or decrees issued in conjunction with any heretofore filed libels or claims be stayed and restrained until the hearing and determination of this proceeding; and

7. IT IS FURTHER ORDERED that petitioners may make service of this Order as a restraining order through the United States Post Office by mailing a conformed copy thereof to the person or persons to be restrained, or their respective attorneys, or alternatively, by hand delivery.

NEW ORLEANS, LOUISIANA, this 2č day of March, 2000.

_____
UNITED STATES DISTRICT JUDGE

Respectfully submitted:

LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
Telephone: (504) 581-7979

By: _____
S. Gene Fendler (#5510)
Don K. Haycraft (#14361)

Attorneys for Plaintiffs Martha R. Ingram and
Ingram Barge Company

264811_1